IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ILLINOIS, AT EAST SAINT LOUIS

| | |
|---|---|
| DONALD HUMMER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BNSF RAILWAY COMPANY, ) <br> ) <br> SERVE: CT Corporation System ) <br> 280 So. LaSalle St., Ste. 814) <br> Chicago, Il. 60604-1101 ) <br> ) <br> and ) <br> ) <br> BLACK'S RAILROAD TRANSIT ) <br> SERVICE, INC., ) <br> ) <br> SERVE: Richard L. Black ) <br> Registered Agent ) <br> 1322 Lafayette Street ) <br> Beardstown, IL 62618 ) <br> ) <br> and ) <br> ) <br> AGVENTURE-WEST CENTRAL ) <br> ILLINOIS, INC., ) <br> ) <br> SERVE: Tom Ringsdorf ) <br> Registered Agent ) <br> 1245 Sunnyside Road ) <br> Chapin, IL 62628 ) <br> ) <br> Defendants. ) | Cause No: 06-89-WDS <br><br> Division _____ _____ <br><br> **FILED** <br><br> FEB - 1 2006 <br><br> CLERK, U.S. DISTRICT COURT <br> SOUTHERN DISTRICT OF ILLINOIS <br> EAST ST. LOUIS OFFICE <br><br> JURY TRIAL DEMANDED <br><br> CLERK TO ISSUE SUMMONS |

## COMPLAINT

## COUNT I

### (Federal Employers' Liability Act)

COMES NOW Plaintiff, Donald Hummer, by and through his attorneys, Holland, Groves & Schneller, L.L.C., and for Count I of his cause of action against Defendant BNSF Railway Company, states:

1. Defendant BNSF Railway Company is now and was at all times hereinafter mentioned a railroad corporation duly organized and existing according to law to engage in, and was engaged in, business as a common carrier in interstate commerce between the several states of the United States.

2. That at all times relevant herein, including the present, Defendant has operated trains, owned tracks and yards and other property in the counties of the State of Illinois comprising the Southern District of Illinois.

3. That at all times hereinafter mentioned, Plaintiff was employed by the Defendant BNSF Railway Company, in interstate commerce.

4. That at all times hereinafter mentioned, the Plaintiff and the Defendant BNSF Railway Company, were employed and engaged in interstate commerce and by reason thereof their mutual and respective rights and liabilities were governed by a certain Act of Congress, known as the Federal Employer's Liability Act, 45 U.S.C. Section 51-60. That this action is properly venued in this Court under the FELA and that this Court has jurisdiction pursuant to 28 U.S.C. 1331, Federal Question Jurisdiction.

5. That on or about March 29, 2005 while employed for the Defendant BNSF Railway Company, Plaintiff had been a passenger in a Black's Railroad Transit van owned and/or operated by Defendant Black's Railroad Transit Service, Inc., whose

2

services had been contracted for by the Defendant BNSF Railway Company, its agents, servants, or employees.

6. At said time and place, Plaintiff was injured while traveling to work when the van owned or operated by Defendant Black's Railroad Transit Service, Inc. did suddenly stop after traveling at an excessive rate of speed and was subsequently rear-ended.

7. Plaintiff states that his injuries and damages were due in whole or in part as a result of the negligent acts or omissions of the Defendant BNSF Railway Company, in one or more of the following respects:

   a. It failed to provide Plaintiff with reasonably safe conditions for work; or

   b. It failed to provide Plaintiff with a reasonably safe place to work; or

   c. It failed to provide Plaintiff with reasonably safe transportation; or

   d. Its agent or servant negligently and carelessly failed to maintain careful lookout;

   e. Its agent or servant was traveling at an excessive rate of speed, or

   f. It negligently and carelessly failed to train its agent or servant; or

   g If failed to comply with the following laws: 625 ILCS 5/11-1304; 625 ILCS 5/11-601; 625 ILCS 5/11-701 which failure constitutes negligence per se.

8. As a result of the aforementioned conduct of the defendant, Plaintiff was caused to suffer the following serious, painful, and permanent injuries, to-wit: Plaintiff suffered injuries to his neck, back, and the discs, blood vessels, ligaments and adjacent

structures; Plaintiff has suffered stress, depression, distress and anxiety as a result of his injuries; Plaintiff was caused to undergo x-rays and painful tests; he was caused to undergo medical treatment and painful tests. Plaintiff has lost the wages of his employment with defendant and will in the future lose further such wages; Plaintiff has expended or obligated himself for necessary and reasonable medical expenses and hospital care and will in the future be caused to expend further such sums. Plaintiff has suffered pain and suffering and will in the future have pain and suffering as a result of defendant's negligence. Plaintiff's ability to work, labor, and enjoy the normal pursuits of life has been impaired and lessened all to Plaintiff's damage in a sum to be determined.

WHEREFORE, Plaintiff, Donald Hummer, prays Judgment in Count I against Defendant BNSF Railway Company, for a sum fair and reasonable under the circumstances in excess of One Million Dollars ($1,000,000.00) together with his costs herein expended.

## Count II

## Personal Injury - Negligence

COMES NOW Plaintiff, Donald Hummer, by and through his attorneys, Holland, Groves & Schneller, L.L.C., and for Count II of his cause of action against Defendant Black's Railroad Transit Service, Inc., states:

1. Plaintiff, Donald Hummer, is now and was at all times relevant a railroad worker and residing in Camp Point, Illinois.

2. Defendant Black's Railroad Transit Service, Inc. is and was at all times relevant a corporation with an agent for service of process in Beardstown, Illinois and engaged in the business of transporting railroad workers for and on behalf of Defendant BNSF Railway Company, a common carrier by rail engaged in interstate commerce as more fully set forth above. Defendants, Black's Railroad Transit Service, Inc. and BNSF Railway Company, had an agreement, either express or implied, for the transportation of the railroad workers while in interstate commerce and Defendant Black Railroad Transit Service, Inc. was in fact performing pursuant to said agreement at the time of the incident more fully set forth above. This court has jurisdiction pursuant to 28 U.S.C. 1367(a), as the claims are so related that they form part of the same case or controversy. .

3. On or about March 29, 2005, Plaintiff was a passenger in a Black's Railroad Transit Van owned and/or operated by Defendant Black's Railroad Transit Service, Inc. that was traveling southbound on U.S. Route 67.

4. The van operated by Defendant Black's Railroad Transit Service, Inc. was traveling at an excessive rate of speed and applied the van's brakes hard to avoid hitting a deer.

5. A large pickup truck and attached trailer carrying approximately 8,000 pounds of seed corn operated by Defendant AgVenture-West Central Illinois, Inc. rear-ended the van carrying Plaintiff.

6. Plaintiff states that his injuries and damages were due in whole or in part as the result of the negligent acts or omissions of Defendant Black's Railroad Transit Service, Inc., in one or more of the following respects:

a. It failed to provide Plaintiff with reasonably safe transportation;

b. Its agent or servant negligently and carelessly failed to maintain a careful lookout;

c. Its agent or servant was traveling at an excessive rate of speed, or

d. It negligently and carelessly failed to train its agent or servant; or

e. If failed to comply with the following laws: 625 ILCS 5/11-1304; 625 ILCS 5/11-601; 625 ILCS 5/11-701 which failure constitutes negligence per se.

7. As a result of the aforementioned conduct of the defendant, Plaintiff was caused to suffer the following serious, painful, and permanent injuries, to-wit: Plaintiff suffered injuries to his neck, back and the discs, blood vessels, ligaments and adjacent structures; Plaintiff has suffered stress, depression, distress and anxiety as a result of his injuries; Plaintiff was caused to undergo x-rays and painful tests; he was caused to undergo medical treatment and painful tests. Plaintiff has lost the wages of his employment with defendant and will in the future lose further such wages; Plaintiff has expended or obligated himself for necessary and reasonable medical expenses and hospital care and will in the future be caused to expend further such sums. Plaintiff has suffered pain and suffering and will in the future have pain and suffering as a result of

defendant's negligence. Plaintiff's ability to work, labor, and enjoy the normal pursuits of life has been impaired and lessened all to Plaintiff's damage in a sum to be determined.

WHEREFORE, Plaintiff, Donald Hummer, prays Judgment in Count II against the defendant, Black's Railroad Transit Service, Inc., for a sum fair and reasonable under the circumstances in excess of One Million Dollars ($1,000,000.00) together with his costs herein expended.

### Count III

### Personal Injury - Negligence

COMES NOW Plaintiff, Donald Hummer, by and through his attorneys, Holland, Groves & Schneller, L.L.C., and for Count III of his cause of action against Defendant AgVenture-West Central Illinois, Inc., states:

1. Plaintiff, Donald Hummer, is now and was at all times relevant a railroad worker and residing in Camp Point, Illinois.

2. Defendant AgVenture-West Central Illinois, Inc. is and was at all times relevant a corporation with an agent for service of process in Chapin, Illinois and engaged in the business of selling seed.

3. On or about March 29, 2005, Plaintiff was a passenger in a Black's Railroad Transit Van owned and/or operated by Defendant Black's Railroad Transit Service, Inc. that was traveling southbound on U.S. Route 67.

4. The van operated by Defendant Black's Railroad Transit Service, Inc. was traveling at an excessive rate of speed and applied the van's brakes hard to avoid hitting a deer.

5. A large pickup truck and attached trailer carrying approximately 8000 pounds of seed corn operated by Defendant AgVenture-West Central Illinois, Inc. rear-ended the van carrying Plaintiff. This court has jurisdiction pursuant to 28 U.S.C. 1367(a), as the claims are so related that they form part of the same case or controversy.

6. Plaintiff states that his injuries and damages were due in whole or in part as the result of the negligent acts or omissions of Defendant AgVenture-West Central Illinois, Inc., in one or more of the following respects:

   a. Its agent or servant negligently and carelessly failed to maintain a careful lookout;

   b. Its agent or servant was traveling at an excessive rate of speed, or

   c. It negligently and carelessly failed to train its agent or servant; or

   d. It failed to comply with the following laws: 625 ILCS 5/11-703; 625 ILCS 5/11-707; 625 ILCS 5/11-710 and 625 ILCS 5/11-601 which failure constitutes negligence per se.

7. As a result of the aforementioned conduct of the Defendant, Plaintiff was caused to suffer the following serious, painful, and permanent injuries, to-wit: Plaintiff suffered injuries to his neck, back and the discs, blood vessels, ligaments and adjacent structures; Plaintiff has suffered stress, depression, distress and anxiety as a result of his injuries; Plaintiff was caused to undergo x-rays and painful tests; he was caused to

undergo medical treatment and painful tests. Plaintiff has lost the wages of his employment with defendant and will in the future lose further such wages; Plaintiff has expended or obligated himself for necessary and reasonable medical expenses and hospital care and will in the future be caused to expend further such sums. Plaintiff has suffered pain and suffering and will in the future have pain and suffering as a result of defendant's negligence. Plaintiff's ability to work, labor, and enjoy the normal pursuits of life has been impaired and lessened all to Plaintiff's damage in a sum to be determined.

WHEREFORE, Plaintiff, Donald Hummer, prays Judgment in Count III against Defendant AgVenture-West Central Illinois, Inc. for a sum fair and reasonable under the circumstances in excess of One Million Dollars ($1,000,000.00) together with his costs herein expended.

HOLLAND, GROVES & SCHNELLER, L.L.C.

_____
Steven L. Groves #6211737
Gerard B. Schneller #6205863
Eric D. Holland #6207110
300 North Tucker, Suite 801
St. Louis, Mo. 63101
(314) 241-8111
(314) 241-5554 (fax)

Attorneys for Plaintiff