**E-FILED**
Wednesday, 06 December, 2006  04:26:44 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| DONALD HUMMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-CV-1218 |
| | ) | |
| BNSF RAILWAY COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on the Plaintiff's Motions to Compel production of video/photo surveillance (d/es 41, 43). Plaintiff's Complaint arises out of an automobile accident occurring on March 29, 2005. Plaintiff's Complaint alleges he was a passenger in Defendant Black's Railroad Transit Service, Inc.'s (Black's) van which was rear-ended by Defendant Agventure-West Central Illinois, Inc.'s (Agventure) truck and trailer. Plaintiff seeks an order compelling discovery from each Defendant, to wit: "any photographs, films, videos, and/or movies taken as part of any surveillance conducted by Defendant or any agent thereof in this case".

Plaintiff's Motion (d/e 41) is directed to Defendant Black's and sets forth Black's objection that the requested information is protected by the work product doctrine and will be used solely for impeachment of Plaintiff at trial.  Plaintiff's Motion (d/e 43) is directed to Defendant Agventure and sets forth Agventure's initial statement that it did not possess any responsive documents, which was later supplemented / amended to an objection stating Agventure did have possession of surveillance tape(s), but did not intend to use it / them at trial except for purposes of impeachment and therefore production was not required.  For the reasons set forth below, Plaintiff's Motions to Compel (d/es 41, 43) are allowed.

The Court first addresses Plaintiff's Motion to Compel (d/e 41) directed at Defendant Black's.  Defendant Black's contends that Plaintiff is requesting information protected by the "work product doctrine".  (See d/e 51).  Further that the surveillance tapes will not be used as evidence at trial, but may be used for purposes of impeachment of Plaintiff at trial.

The work product doctrine can be found in Federal Rule of Civil Procedure 26(b)(3):

> Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for

that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.  (See also Rule 26(b)(5).)

Surveillance videotape footage taken of Plaintiff by or at the direction of Defendant's counsel created in anticipation of litigation can qualify as work product material.   See Fletcher v. Union Pacific R.R. Co., 194 F.R.D. 666, 670 (S.D. Cal., 2000).  Plaintiff cites to numerous court decisions holding that surveillance tapes are not protected by the work product doctrine.  From the Court's research, the weight of authority is manifestly against the positions taken by each Defendant herein.  Defendant Black's relies upon a district court decision from the Southern District of Indiana, Fisher v. National R.R. Passenger Corp., 152 F.R.D. 145 (S.D. Ind., 1993) which addressed similar issues.  In Fisher, defendant produced a videotape of plaintiff that it intended to use at trial, but objected under the work product doctrine to producing similar videotapes that it did not plan to introduce at trial.  The facts in this case are different than Fisher in that Defendant herein has not tendered in discovery any surveillance video tape(s), but has instead said it has surveillance tape(s) that are work product, and that the tapes will only be used, if at all, for impeachment of

Plaintiff.  The <u>Fisher</u> court acknowledged: "Despite the abundance of opinions on the subject, divergent in analysis as they may be, no controlling precedent is available to guide the decision of this court, for neither the Seventh Circuit nor the Supreme Court has addressed this issue."  The court went on to apply a two part test under Rule 26(b)(3) wherein plaintiff must show (1) a substantial need of the materials to prepare his case and (2) the inability without undue hardship, to obtain the substantial equivalent of the materials by other means.   The court conceded that the non-evidentiary videotapes could possibly contain evidence favorable to plaintiff, but added "plaintiff overlooks the fact that he already has a readily available source of information regarding his injuries, his own knowledge and testimony, and thus has no need for the videotapes to prove his case."  "Here, because plaintiff has offered nothing to demonstrate that the evidence contained in the surveillance tapes is unique or of a higher quality than that which is available to him, intrusion into work product is not justified."  <u>Id</u> at 152, 153.  This Court agrees with much of the rationale from <u>Fisher</u>.  Judge Tinder in <u>Fisher</u> said to look at Rule 26(b)(3) to see if the tapes are work product and analyze the required showings for plaintiff to overcome the work product privilege.  Judge Tinder did <u>not</u> say

that characterizing the surveillance tapes as impeachment removes the

tapes from this analysis.  Citing to various cases, Judge Tinder in Fisher at

153 said "the current weight of authority suggests representations

contained in videotapes are indeed substantive evidence . . . and retreats

from the previously held belief that evidence used for impeachment is of a

kind different and distinguishable from evidence used to prove a case."

Based upon this analysis the Court finds in the instant case that

surveillance footage which Defendant Black's states will be used only for

purposes of impeachment of Plaintiff at trial is substantive evidence and

must be produced.  Further that Plaintiff has shown a substantial need for

the surveillance footage in the preparation of his case, or that he will

sustain undue hardship to obtain a substantial equivalent of the footage

requested, all as required by Fed.R.Civ.P. 26(b)(3).   In reaching this

conclusion, the Court reminds the parties that the Federal Rules of Civil

Procedure concerning discovery are inherently broad to encourage an

open discovery discourse designed to insure a fair trial.  Discoverability of

surveillance tapes / information also serves the collateral interests

identified by many other courts, including concerns for

authenticity, encouraging settlement, and fairness.  See <u>Wegner v. Cliff</u>
<u>Viessman, Inc.</u>, 153 F.R.D. 154, 159 (N.D. Iowa, 1994).

Plaintiff's Motion to Compel (d/e 43) directed to Defendant Agventure
presents similar arguments concerning work product doctrine discussed
above.  Defendant Agventure states the surveillance tape will only be used
for impeachment of Plaintiff at trial.  (See d/e 46.)  The court adopts the
previous reasons / rationale for denying protection as work product and
orders production based upon the above ruling.  Plaintiff's claims that
Defendant Agventure failed to timely object to Plaintiff's first request for
production regarding surveillance tapes and has therefore waived any
claim of privilege and must produce the surveillance tapes need only a
cursory review.   Plaintiff argues that Defendant Agventure was required to
object within 30 days from service of the original production request.
Defendant Agventure responds that it was unaware of the existence of any
surveillance tapes at the time of its initial response.  Further, pursuant to
affidavit of Attorney Starnes, Defendant Agventure filed its supplement on
November 15, 2006, a short period of time after being made aware of the
surveillance tapes during the week of November 6, 2006.   The Court finds
that Defendant Agventure's objection to Plaintiff's production request was

clearly not untimely under the requirements of  Fed.R.Civ.P. 26(e), but was

instead a timely supplemental response.

THEREFORE, Plaintiff's Motions to Compel production of

video/photo surveillance (d/es 41, 43) are ALLOWED.  Each Defendant is

directed to tender to Plaintiff as discovery the surveillance tapes at issue

herein by December 15, 2006.


IT IS THEREFORE SO ORDERED.

ENTER:  December 6, 2006

FOR THE COURT:

_____s/Byron G. Cudmore_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE