**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

```
DONALD HUMMER,                   )
                                 )
     Plaintiff,                  )
                                 )      No. 06-cv-1218
v.                               )
                                 )
BNSF RAILWAY Co., et al,         )
                                 )
     Defendants.                 )
```

## O P I N I O N   A N D   O R D E R

Before the Court are the parties' Motions for Summary Judgment and accompanying briefs.  Defendant, Black's Railroad Transit Service, Inc. ("Black's" or "Black's Transit"), filed a Motion for Summary Judgment (Doc. 38) on October 25, 2006. Plaintiff filed a Response (Doc. 40) on November 14, 2006 and Black's Transit filed a Reply (Doc. 47) on November 22, 2006. In addition, Defendant BNSF Railway Co. ("BNSF") filed a "Joinder in Support" of Black's Motion (Doc. 45) on November 17, 2006 to which Plaintiff filed a Response (Doc. 50) on November 27, 2006.

Also before the Court is Plaintiff's Motion for Partial Summary Judgment (Doc. 39) filed on November 16, 2006.  Both BNSF and Black's Transit filed Responses (Doc. 52 & Doc. 53) on December 5, 2006.  Lastly, Plaintiff filed a Reply to the Responses (Doc. 54) on December 6, 2006.  For the following

reasons, Black's Motion (Doc. 38) and BNSF's Motion (Doc. 45) are DENIED and Plaintiff's (Doc. 39) Motion is GRANTED.

## BACKGROUND

This case arises out of a motor vehicle accident that occurred on U.S. Route 67 near Rushville, Illinois.

Plaintiff, Donald Hummer, is a train operator and conductor for BNSF. (Doc. 39 at ¶ 7; Doc. 52 at 3; Doc. 53 at 2.) On March 29, 2005, Plaintiff was a passenger in a van driven by Richard Black. (Doc. 38 at ¶ 1,3; Doc. 40 at 2.) Mr. Black is the owner and manager of Black's Transit. (Doc. 38 at ¶ 1; Doc. 40 at 2.) Black's Transit had contracted with BNSF to provide transportation services for BNSF employees. (Doc. 39 at ¶ 2-4; Doc. 52 at 3; Doc. 53 at 2.) Beside Black's van, there was another vehicle proceeding on Route 67 that morning. Traveling behind the van was a pickup truck operated by David Simpson, a salesperson for Defendant, Agventure-West Central Illinois, Inc. ("Agventure").

Both vehicles were headed toward Beardstown, Illinois around 5:15 in the morning when several deer crossed into the road. (Doc. 38 at ¶ 6; Doc. 40 at 2.) Mr. Black saw the deer when they were approximately three to four hundred feet away. (Doc. 28 at ¶ 6; Doc. 40 at 2.) He forcefully applied the breaks and the vehicle came to a complete stop without hitting a deer. (Doc 40 at ¶ 9; Doc. 47 at 3.) According to the

Plaintiff, Mr. Black kept the vehicle at a complete stop in the road for approximately 10-15 seconds. (Doc 40 at ¶ 9; Doc. 47 at 3.)

Simpson, however, was not so lucky. Simpson was not able to stop his pickup truck in time and he crashed into the back of Black's van. As a result of the collision, Plaintiff has had neck and back surgery and is unable to work as a conductor. (Doc. 40 at ¶ 10.) Plaintiff now brings suit against Agventure, Black's Transit, and BNSF. Plaintiff alleges that Simpson, as the agent of Agventure, was negligent in operating the pickup truck. In addition, Plaintiff alleges that Mr. Black was negligent in the operation of his van. Finally, Plaintiff alleges that Black's Transit was the agent of BNSF and brings a claim against BNSF (a railway company) under the Federal Employer's Liability Act, 45 U.S.C. §§ 51-60 ("FELA").

Black's Transit has now filed a Motion for Summary Judgment and argues that no reasonable jury could conclude that Mr. Black was negligent because his van was hit from behind after he safely responded to an emergency situation. According to Black's Transit, there was nothing else Mr. Black could do except stop and wait for the deer to get out of the road.

Plaintiff argues in response that Mr. Black should not have come to a complete stopped for ten to fifteen seconds in "an active traffic lane." (Doc. 40 at 2.) A reasonable person,

3

Plaintiff argues, would not have come to a complete stop, would have pulled over onto the shoulder, and would have driven around the deer.

Thus, one of the key factual disputes is whether there were deer also on the shoulder of the road at the time of the accident.  Black's Transit argues that there were deer on the shoulder and they prevented Mr. Black from pulling over.  However, the pertinent evidence in the record on that issue comes from Plaintiff's deposition where he stated that deer were "down on the hill," and they were "coming up to the shoulder."  (Plaintiff's Depo. at 138.)

## LEGAL STANDARD

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party has the responsibility of informing the Court as to portions of the record that demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The movant may meet this burden by demonstrating "that there is an absence of evidence to support the nonmoving party's case."  Id. at 325.

Once the movant has met its burden, to survive summary judgment the "nonmovant must show through specific evidence that a triable issue of fact remains on issues on which he bears the burden of proof at trial." Warsco v. Preferred Tech. Group, 258 F.3d 557, 563 (7th Cir. 2001); See also Celotex Corp., 477 U.S. at 322-24. "The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence." Chemsource, Inc. v. Hub Group, Inc., 106 F.3d 1358, 1361 (7th Cir. 1997).

This Court must nonetheless "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]." Holland v. Jefferson Nat. Life Ins. Co., 883 F.2d 1307, 1312 (7th Cir. 1989). In doing so, this Court is not "required to draw every conceivable inference from the record -- only those inferences that are reasonable." Bank Leumi Le-Isreal, B.M. v. Lee, 928 F.2nd 232, 236 (7th Cir. 1991). Therefore, if the record before the court "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of material fact exists and, the moving party is entitled to judgment as a matter of law. McClendon v. Indiana Sugars, Inc., 108 F.3d 789, 796 (7th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). However, in ruling on a motion for summary

judgment, the court may not weigh the evidence or resolve issues of fact; disputed facts must be left for resolution at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).

**ANALYSIS**

1. Black's Motion for Summary Judgment

Black's Transit argues that Mr. Black faced a sudden and unforeseeable emergency situation, took the only possible course of action and due only to Simpson's negligence, the van was hit from behind.

It is a commonly held belief that an individual who 'rear-ends' another vehicle is automatically responsible for the accident.  See Smith, John, Minimizing the Impact of Strikes for Cause: Change From the Outside In, 25 No. 3 Trial Advoc. Q. 6 (2006)(noting the existence of this common belief); But see Reese v. Summers, 792 So.2d 992 (Miss. 2001)(refusing to adopt a per se rule of negligence in rear-end collisions).  However, Black's Transit has been unable to point to any mandatory authority which imposes such a rule.

Instead, the applicable law points to a different conclusion.  Illinois Courts have held that "[g]enerally, a motorist intending to stop... his vehicle must use due care for his own safety and for the safety of others, such as other vehicles following so closely behind him that they may be imperiled by a sudden stop." Mernick v. Chiodini, 139 N.E.2d

6

784, 787 (Ill.App.4th Dist. 1956)(quoting 60 C.J.S., Motor Vehicles, § 301); See also, 625 ILCS 5/11-1301(a).

In addition, even in the case of a sudden emergency or imminent peril, "the driver of an automobile must exercise that degree of care and caution which an ordinarily prudent and careful person would exercise under the circumstances. Apcon Corp. v. Dunn, 562 N.E.2d 386, 388 (Ill.App.4th Dist. 1990)(quoting Ball v. Continental Southern Lines, Inc., 360 N.E.2d 81, 83 (Ill.App.5th Dist. 1976)).

In this case, Mr. Black came to a complete stop in the middle of an active lane of traffic and stayed there. The evidence shows there were deer coming up to the side of the road from down a hill.[1]  (Plaintiff's Depo. at 138.)  However, there is no evidence that they had reached the shoulder of the road and were blocking the shoulder at the time of the accident; therefore the argument is that Mr. Black could have pulled over to the side of the road and driven slowly around the deer instead of waiting in the road. On the other hand, the deer would not necessarily have to be situated on the shoulder of the

---

[1] Black's Transit also emphasizes that Simpson admitted that if he had driven slower or further behind Black's van he would not have struck the van.  Simpson's acknowledgement does not preclude the fact that Mr. Black may also have been negligent by keeping the van in the road.  While the evidence may certainly weigh in favor of Black's argument, a Court may not weigh evidence at the summary judgment stage. Anderson, 477 U.S. at 249-50 (1986)

road at the time Mr. Black chose to stop in the roadway. A reasonable jury could find that the deer coming up to the shoulder were, in terms of time, speed and distance, so close to the shoulder that they would have obstructed the shoulder by the time Mr. Black pulled over. Under Illinois law, a reasonable jury could find the facts either way. This would go to the ultimate issue of whether or not Mr. Black exercised reasonable care for the safety of a vehicle driving so closely behind him that it was imperiled by a sudden stop. <u>Mernick</u>, 139 N.E.2d at 784.

Accordingly, since the Court must take all issues of fact in favor of the non-moving party, <u>Holland</u>, 883 F.2d at 1312, the Court denies Black's Motion for Summary Judgment. Furthermore, since BNSF has joined in Black's Motion but does not add any argument (Doc. 45), BNSF's Motion is also denied.

2. Plaintiff's Motion for Partial Summary Judgment

Plaintiff has also brought a Motion for Partial Summary Judgment in which Plaintiff seeks an Order "on the issue of 'agency'." (Doc. 39 at 7.) Specifically, Plaintiff requests an Order finding that Black's Transit was an agent of BNSF for purposes of Plaintiff's FELA claim. While there are some minor disputes regarding Plaintiff's description of the facts, neither Defendant disputes that Black's Transit was acting as BNSF's

8

agent for purposes of Plaintiff's FELA claim.  (Doc. 53; Doc. 54.)

Accordingly, the Court finds that Black's Transit was acting as BNSF's agent for purposes of Plaitniff's FELA claim and Plaintiff's Motion for Partial Summary Judgment is Granted.

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion for Partial Summary Judgment (Doc. 39) is GRANTED.  And, Black's Motion for Summary Judgment (Doc. 38) joined in by BNSF (Doc. 45) are DENIED.

ENTERED this  8th  day of June, 2007.

               s/Joe Billy McDade
            Joe Billy McDade
         United States District Judge